Susan Tracy Fillmore

*v.*

Leland A. Fillmore.

470 S.W.2d 11

(*Knoxville,* September Term, 1970.)

Opinion filed August 16, 1971.

Billy W. Petty and E. Michael Ellis, Child & O'Connor, Knoxville, for complainant-appellant.

ELMER E. EBLEN, EBLEN & EBLEN, Kingston, for defendant-appellee.

MR. JUSTICE MCCANLESS delivered the opinion of the Court.

Susan Tracy Fillmore, the widow of Oswald L. Fillmore, deceased, filed her bill against Leland A. Fillmore, whom she described as the executor of the estate of her deceased husband and his son, to have decreed void a transfer of $12,000.00 by her deceased husband to the defendant under circumstances on which she relies to establish the transfer as a fraud upon her rights as the widow of Oswald L. Fillmore. She recited that her husband had died testate; that his will had been probated; that she had dissented from the will; and that because of such dissent she had become entitled along with each of these three children to one-fourth of his personal estate.

She prayed for a recovery of $3,000, one-fourth of the $12,000.00 so transferred, together with interest on that amount and for general relief.

The defendant demurred to the bill, assigning several grounds. The Chancellor by his decree sustaining the demurrer and dismissing the bill gave no reason for his action, but from the briefs and the oral arguments of the solicitors it appears that he sustained the demurrer on the ground that since the estate of Oswald L. Fillmore was being administered in the County Court, the Chancery Court was without jurisdiction.

The purpose of this suit by the widow is to recover her distributive share of the estate which, according to the averments of her bill, includes $3,000.00, or one-fourth of the $12,000.00 she charges her husband fraudulently transferred to Leland A. Fillmore. In addition to this principal amount she prays for a decree for interest and the costs of the cause. This prayer does not take into account the condition of the estate—the costs of administration, possible estate and inheritance taxes, and the indebtedness. These things, as well as the circumstances of the alleged transfer, must be determined in order that an adjudication may be made whether the complainant may recover, and, if so, the amount of her recovery.

Section 31-612, Tennessee Code Annotated, provides:

"Any conveyances made fraudulently to children or others, with an intent to defeat the widow of her dower, or distributive share, shall be voidable, and such widow shall be entitled to dower in the land so fraudulently conveyed, as if no conveyance had been made."

The words, ''or distributive share'', had not been included in the section until they were added in the 1932 revision of the Code. The Court of Appeals in their opinion in *Sherrill v. Mallicote,* 57 Tenn.App. 241, 417 S.W.2d 798, construed the 1932 amendment as having the effect of giving the section application to fraudulent transfers of personalty having the effect of defrauding widows of their distributive shares, and that a suit in chancery to set aside the transfer is the proper remedy. Undoubtedly such was the purpose of the amendment, and such a suit is the remedy.

We are of opinion that under the facts averred in the bill there is no need for the Chancery Court to appoint an administrator or to assume the administration of the estate. Such might be the case if there were complications requiring the attention of a chancery court, but there are no such complications here. Any decree pronounced in this suit should be limited to an adjudication of the issue whether there was a fraudulent transfer, and, if so, its date and amount, and for execution, if necessary, with the proceeds to be paid into the county court for distribution. The decree can be filed in the administration proceedings in the county court as proof of the complainant's claim.

We call attention to Section 782, Phillips' Prichard, in which the following sentences appear:

''The application to compel payment of legacies or shares is made by bill or petition, brought by any one or more of the legatees or distributees, in any of the courts having jurisdiction. All the legatees or distributees are necessary parties, and those not joined as complainants must be made defendants.''

We overrule the demurrer and remand the cause to the Chancery Court for further proceedings in accordance with this opinion. The adjudication of the costs will await the final determination of the cause.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and McAMIS and JENKINS, SPECIAL JUSTICES, concur.